UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 13-CV-20167 WILLIAMS/TURNOFF

AT LAW AND IN ADMIRALTY

JANE DOE

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a/
CARNIVAL CRUISE LINES

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff sues the Defendant and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333 and § 1332, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, JANE DOE, is *sui juris* and is a resident of Vanderburgh County, Indiana.

4. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "Carnival"), is a Corporation authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times

material hereto, the Defendant owned and/or operated the cruise ship on which the subject accident occurred.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b) Had an office or agency in this state and/or county; and/or

c) Engaged in substantial activity within this state; and/or

d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENTS.** The incidents occurred on or about Saturday March 10, 2012.

8. **LOCATION OF INCIDENTS.** The incidents occurred on the vessel *Carnival Victory*, a ship in navigable waters while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the General Maritime Law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENTS.**
At all times and material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff does not have a copy of the subject ticket but the Defendant does.

10. **"FUN FOR ALL AND ALL FOR FUN".** Carnival Cruise Line's motto is "[f]un for all and all for fun". Carnival cater to the younger crowd and drinking is encouraged onboard the

cruise ship. In fact, a substantial amount of gross income of the ship and the cruise line in general is made from onboard sales of alcoholic beverages to passengers.

11. As the cruise line knows, most passengers drink more on cruise ships than they do on land. They do not have to drive home and generally let their guard down in the relaxed atmosphere created by the cruise line. Yet, Carnival does not impose any restrictions on drinking. Nor does Carnival provide added security to intoxicated passengers.

12. For example, JANE DOE in a seven hour period on March 9, 2012 to March 10, 2012, was served and consumed at least two blue margaritas, one raspberry Mojito and three double vodka and cranberry drinks. With her 5'4 frame and 118 pounds she was visibly intoxicated. She was not the only one. In fact, another female passenger was so intoxicated that she threw up on the Plaintiff in public onboard the ship on the night of the incidents.

13. **THE BUSINESS MODEL; FAILURE TO SCREEN, TRAIN, AND MONITOR.** The cruise line chooses to hire its crew from third world countries or from countries where the economy is bleak and the unemployment rate is high. The cruise line chooses to hire from these countries to pay low wages and to get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day. For background checks, the cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" in the third world country to obtain background information on these candidates.

14. The cruise line then fails examine and test—reasonably under these circumstances-- the applicants for a job which involves this level of contact with the public. The cruise line also fails to train these crewmembers well, and then fails to monitor the crewmembers. Carnival's failure to select, train and control its male crew members and/or officers to stay away from female passengers is disastrous in combination with Carnival encouraged partying and drinking on its ships. Knowing

that female passengers will get intoxicated on its ships, Carnival fails to provide a safe environment for its female passengers. Carnival fails to protect its female passengers from sexual assault, battery and rape by its crew members and/or officers. Carnival fails to warn female passengers that Carnival's male crew and/or officers represent a danger to female passengers.

15. Carnival hires male crew members and/or officers who are from a variety of different cultures. These crew members and/or officers are away from their wives and girlfriends for months at a time. The crew members and/or officers are inadequately screened and trained to deal with female passengers on its cruise ships. The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships. On the *Carnival Victory*, crew members and/or officers were openly fraternizing with passengers. Crew members and/or officers were seen drinking with passengers in the disco/dance club.

16. Carnival advertises and assures the following that the cruise ships are safe and secure for the average American public. For example, the cruise line represents on its website that "[t]he safety and security of our guests is our highest priority." A copy of the pages from that website is attached hereto as Exhibit "A". These representations are false.

17. **DESCRIPTION OF THE INCIDENT; WILLFUL, WANTON, AND OUTRAGEOUS CONDUCT BY SENIOR LEVEL CREW.** On or about March 10, 2012, two of Carnival's officers or crew sexually assaulted, sexually battered, raped, and sodomized passenger JANE DOE. These two upper level Carnival ship employees, both large men, physically pinned down the wrists of passenger JANE DOE, and took turns raping her. Passenger JANE DOE is a petite, small framed woman who was intoxicated at the time. These men raped and then one of them sodomized her. These men were so rough with DOE that they inflicted

multiple bruises on her thighs and around her neck. During these violent, cruel, sadistic acts, these men laughed at DOE's protests.

18. The Carnival crew and/ or officers acts were willful, wanton, outrageous, and in reckless disregard and indifference of the rights of JANE DOE.

19. Their acts were violent and sadistic. The Carnival's crew and/or officers physically restrained her, inflicted multiple bruises on her thighs, arms and neck. The Carnival crew and/or officers humiliated JANE DOE and laughed at her protests.

20. JANE DOE did not consent to the sexual acts described herein and would have been incapable of giving effective consent in any event due to the degree of intoxication she was in.

21. **THESE ACTIONS ARE A BASIS FOR PUNITIVE DAMAGES. These actions by not one but two crew members whose positions were senior enough to be able to mingle with passengers, was so willful, wanton, outrageous, and in reckless disregard to the rights of JANE DOE that this constitutes a basis for punitive damages against the Defendant under the general maritime law.**

22. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.** The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape. This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Circuit 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the 11th Circuit in *Doe v. Celebrity Cruises Inc.*,

394 F. 3d at 909.  Stated otherwise, "it is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *Morton v. De Oliveira*, 984 F. 2d 289, 291-92 (9th Circuit 1993) as cited in *Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.  See, *Nadeau v. Costley*, 634 S. 2d 649, 652-3 (Fl 3d D.C.A. 1994) and *Commodore Cruise Line, Ltd. v. Kormendi*, 344 S. 2d 896 (Fl. 3d D.C.A. 1977).

23.  **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

24.  The cruise line is **directly negligent for negligently hiring, training, and retaining** the crew and/or officers who perpetrated this sexual assault, sexual battery and rape. Further, the cruise line is directly negligent for its **negligent misrepresentations in** its literature, website, and videos about the existence and quality of its crew and/or officers and services provided by the crew and/or officers.  See, e.g., *Fojtasek v. NCL (Bahamas) Ltd*., 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009). Further, the cruise line here **voluntarily assumed or voluntarily undertook to provide safety and security and reasonably safe and well-trained employees for** its passengers, and thus created a duty to provide these services with reasonable care under the circumstances.  See, e.g., *Goldberg v. Florida Power and Light Company,* 899 So. 2d 1105 (Fla. 2005); *Kerfoot v.*

*Waychof*, 501 So. 2d 588 (Fla. 1987); *Horton v. Freeman*, 943 So. 2d 1016 (Fla. 4th DCA 2006); *Estate of Sharp v. Omnicare, Inc.*, 879 So. 2d 34 (Fla. 5th DCA 2004); and *Roos v. Morrison*, 913 So. 2d 59 (Fla. 1st DCA 2005).

25. **BASES OF THE DUTIES OWED**. The duties of the Defendant cruise line in this case are created by:

a. The General Maritime Law as stated above in regard to the duty to exercise reasonable care for the safety of passengers;

b. The cruise line's voluntarily undertaking to provide safety and security for its passengers;

c. The facts surrounding this situation, which in addition to the allegations above, include:

   i. The cruise line employs adult men who live and work on the ship 7 days a week, 24 hours a day, and without social contact with their spouses, families, or significant others for months at a time;

   ii. The cruise line employs adult men from cultures with different view on women and sex;

   iii. The cruise line has knowledge of prior similar incidents where male crew and/or officers sexually assault, sexual battery, and rape female passengers onboard the ships;

   iv. The cruise line has knowledge of and allows for male crew and/or officers members fraternize with female passengers;

   v. The cruise line has knowledge of and allows passengers to drink excessively onboard its ships;

   vi. Carnival has knowledge of and allows crew and/or officers to party and drink with passengers;

    vii. The cruise ship does not have onboard a governmental police force, and security is provided by employees of the cruise ship;

    viii. The cruise line by its representations online, in advertising, and in its literature undertakes to provide well trained employees for a safe and secure environment for passengers;

    ix. Passengers on the cruise ship are on vacation and accordingly let their guard down;

    x. The cruise line creates a false sense of security but touting that safety and security is its number one priority.

## COUNT I
## DIRECT NEGLIGENCE OF THE CRUISE LINE:
## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

26. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 19, above.

27. Carnival had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

28. The Defendant cruise line had a duty to live up to the representations it makes to the public, that its ships are safe and secure, representations made in order to induce the public to choose this cruise line and this vacation and to purchase tickets for this cruise.

29. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

30. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault by crew members is an ongoing and repetitive problem.

31. The Defendant cruise line knew or in the exercise of reasonable care should have known that it passengers, including the Plaintiffs herein would rely upon its representations.

32. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following:

   a. Failing to fulfill their representations made in their literature, on-line and otherwise about their safety and security;

   b. Failing to make, create and maintain a safe environment for passengers as advertised;

   c. Failing to implement, reasonable and proper procedures for the safety and security of the passengers onboard the ship, including the safety of female passengers;

   d. Failing to warn female passengers that there are sexual predators amongst Carnival's crew and/or officers;

   e. Failing to supervise the activities of Carnival employees onboard the subject vessel;

   f. Failing to have surveillance in crew and/or officers areas so that crew and/or officers off duties activity can be monitored;

g. Failing to prevent crew and/or officers from conducting sexually assault, sexual battery and rape on passengers onboard the subject vessel, including the Plaintiff herein;

h. Failing to recruit crew and/or officers from countries where proper background checks can be ascertained;

i. Failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired for the cruise line;

j. Failing to make inquiries in a reasonable and/or complete manner;

k. Failing to reasonably and properly control Carnival employees;

l. Failing to provide rules, regulations, policies, and/or procedures for Carnival employees regarding fraternization with passengers;

m. Failure to reasonably and properly enforce rules, regulations, policies and procedures for Carnival employees who fraternize with passengers;

n. Failure discharge Carnival employees who breach rules, regulations, policies and procedures for Carnival employees who fraternize with passengers;

o. Failing to have reasonable and proper methods of preventing crime to be committed by Carnival employees by means of surveillance thereby protecting users, customers, and invitees of the vessel, including the Plaintiff:

p. Failing to implement reasonable and adequate security policies, security measures, and security procedures necessary to protect passengers on the subject ship;

q. Failing to control passengers excessive drinking;

r. Failing to warn passengers that the vessel is not a safe place for female passengers;

s. Failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which negligence per se and/or evidence of negligence and/or; and

33. **Carnival by failing to screen, to train, monitor** male crew members and/or officers not to fraternize with passengers, Carnival **allowed and facilitated** that the sexually assault, sexually battery, rape, and sodomy of JANE DOE.

34. Carnival by failing to have security cameras in place where they are needed most, namely in crew and/or officers hallways, crew stairways, inside and outside of crew and/or officers cabins allowed Carnival crew and/or officer to take JANE DOE back to their cabin without being detected, and violently and repeatedly raping her.

35. Carnival's negligence in facilitating and allowing the sexual assault, sexual battery, and rape have caused the Plaintiff to suffer damages, economic and non economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, and such expenses to be incurred in the future including the loss of the ability of the Plaintiff to earn money in the future. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

   **WHEREFORE**, the Plaintiff demands Judgment against the Defendant for damages, economic and non economic, past and future, suffered as a result of the Plaintiff's bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical and psychological treatment expenses and such expenses to be incurred in the future including the loss of the ability of the Plaintiff to earn money in the future, and for any and all other damages which the Court deems just and appropriate.

### COUNT II
### STRICT LIABILITY FOR SEXUAL ASSAULT, SEXUAL BATTERY, AND RAPE

The Plaintiff JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 21, above.

36. On the date of the subject incidents, Carnival's employees committed the intentional acts of sexual assault, sexual battery, and rape on the Plaintiff.

37. One of the perpetrators who sexually assaulted, sexually battered and raped JANE DOE was observed wearing a white uniform with epaulets. Upon information and belief, the sexually assaulted, sexually battered and rape of JANE DOE took place in his cabin. Upon information and belief, the second perpetrator was his cabin mate.

38. Hence, based on this information it is Plaintiff's information and belief that one or both of the perpetrators were officers or employees in managerial positions onboard the *Carnival Victory*.

39. The crew and/or officers conduct was willful, wanton, outrageous, and in reckless disregard and indifference for the rights of others and for the safety and security of its passengers including the Plaintiff herein and therefore are a basis for punitive damages against Carnival under the Restatement (Second) of Torts 909 and under the General Maritime Law.

40. Carnival's crew and/or officers' outrageous conduct committed onboard ship and in the course and scope of their employment and attributable to Carnival, have caused the Plaintiff to suffer damages, economic and non economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, and the loss of the ability of the Plaintiff to earn money in

the future. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants for damages, economic and non economic, past and future, suffered as a result of the Plaintiff's bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical and psychological treatment expenses and the loss of the ability to earn money in the future, punitive damages, and for any and all other damages which the Court deems just and appropriate.

   s/ John H. (Jack) Hickey
John H. Hickey (FBN 305081)
E: hickey@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305)371-3542
*Attorneys for the Plaintiff*