UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 13-cv-20167-KMW

JANE DOE,

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

Defendant.

______________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, hereby answers Plaintiff's Complaint, asserts affirmative defenses, and states:

**THE PARTIES AND JURISDICTION**

1. Admitted only that Plaintiff is seeking damages in excess of the jurisdictional minimum.

2. Admitted that this Court has jurisdiction over Defendant for purposes of this litigation only.

3. Without knowledge, therefore denied.

4. Admitted that this Court has jurisdiction over Defendant for purposes of this litigation only.

5. Admitted that this Court has jurisdiction over Defendant for purposes of this litigation only.

6. Without knowledge, therefore denied.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Admitted only that Plaintiff claims the alleged incident occurred on March 10, 2012. Otherwise, denied.

8. Admitted that General Maritime Law applies to this action. Otherwise, denied.

9. Admitted only that Plaintiff was a passenger on the *Carnival Victory* on the subject cruise.

10. Denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. Further, there is no Exhibit A attached to the Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied as an inaccurate and incomplete statement of the law.[1]

23. Denied as an inaccurate and incomplete statement of the law.

[1] While Carnival recognizes that the Eleventh Circuit applied the standard of strict liability in *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891 (11th Cir. 2004), a case involving an alleged crewmember sexual assault, Carnival believes in good faith that the appropriate standard is "reasonable care under the circumstances" as held in *York v. Commodore Cruise Line*, 863 F. Supp. 159 (S.D.N.Y. 1994). In order to preserve this issue for appellate review, Carnival therefore denies that the doctrine of strict or vicarious liability applies in this matter.

24. Denied as an inaccurate and incomplete statement of the law.

25. Denied, including all subparts (a) through (c)(i) – (c)(x).

**COUNT I**
**DIRECT NEGLIGENCE OF THE CRUISE LINE:**
**NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION**

26. Defendant readopts and incorporates by reference its responses to paragraphs 1 through 19 as if fully set forth herein.

27. Denied as an inaccurate and incomplete statement of the law.

28. Denied as an inaccurate and incomplete statement of the law.

29. Denied as an inaccurate and incomplete statement of the law.

30. Denied.

31. Denied.

32. Denied, including all subparts (a) through (s).

33. Denied.

34. Denied.

35. Denied.

**COUNT II**
**STRICT LIABILITY FOR SEXUAL ASSAULT,**
**SEXUAL BATTERY, AND RAPE**

Defendant readopts and incorporates by reference its responses to paragraphs 1 through 21 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff herself was comparatively negligent and accordingly, any claim against Defendant and any damages which may be awarded must be reduced in proportion to Plaintiff's own comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

Third parties over whom Defendant, at the time of their actions, had no control and their intentional acts are the proximate cause of any loss, injury or damage to Plaintiff and accordingly, her claim against Defendant must be reduced in proportion to these individuals' liability.

### THIRD AFFIRMATIVE DEFENSE

The unforeseeable criminal acts of a third party or parties are the proximate cause of any loss, injury or damage to Plaintiff, and accordingly, her claim against Defendant is barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff consented to the alleged acts and, as such, her claims against Defendant are barred as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Defendant have any constructive or actual notice of any propensity for sexual misconduct on the part of Plaintiff's alleged assailant(s).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are governed by general maritime law and any recovery is limited by general maritime law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to seek timely and/or appropriate medical treatment for her alleged injuries, which failure exacerbated her injuries, and any award of damages to the Plaintiff must be proportionately reduced.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to follow the advice of her doctors and has failed to otherwise mitigate her damages; therefore, Plaintiff's recovery, if any, must be reduced in accordance with the principles of contributory and/or comparable negligence.

**NINTH AFFIRMATIVE DEFENSE**

The acts of the allegedly responsible individual or individuals were outside the course and scope of their employment, if any, with Defendant, and accordingly, Plaintiff's claim against Defendant is barred as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off for any and all monies paid by third parties and/or collateral sources that are related in any way to the above styled action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is fraud in whole or in part.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state facts sufficient to state any claim upon which an award of punitive damages can be made.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This action is governed by and subject to the terms, conditions and limitations of the contract of passage, and Defendant adopts and incorporates by reference the same herein in their entirety.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Pursuant to General Maritime Law, foreign law applies and/or supplements the law applicable to this matter.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries and damages, if any, of the Plaintiff and the derivative injury and damages, if any, of the Plaintiff were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of this Defendant, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of Plaintiff's alleged injuries and damages, if any, for which Defendant cannot be liable.

WHEREFORE, Defendant, CARNIVAL CORPORATION, having answered Plaintiff's Complaint and raised affirmative defenses thereto, prays that Plaintiff's action be dismissed with prejudice.

Respectfully submitted,

MASE, LARA, EVERSOLE, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Lauren DeFabio*
CURTIS J. MASE
Florida Bar No.: 478083
cmase@mletrial.com
LAUREN E. DEFABIO
Florida Bar No.: 84121
ldefabio@mletrial.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2013, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parities who are not authorized to received electronically Notices of Electronic Filing.

By: /s/ *Lauren DeFabio*
LAUREN E. DEFABIO

**SERVICE LIST**

**JANE DOE V. CARNIVAL CORPORATION**
**CASE NO.: 13-cv-20167-KMW**

**John H. Hickey, Esq.**
**Bjorg Eiekeland, Esq.**
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-8000
Tel.: (305) 371-8000
Fax: (305) 371-3542
federalcourtfilings@hickeylawfirm.com
beikeland@hickeylawfirm.com
*Attorneys for Plaintiff*

18413/7